IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES MOSLEY,<br>　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>BANK OF AMERICA, et al.,<br>　　　　　　　Defendants. | CIVIL ACTION<br><br><br><br>NO.  23-0030 |

M E M O R A N D U M

**HODGE, J.**                                                                                                    **MAY 4, 2023**

Plaintiff James Mosley brings this action against Bank of America, one of its employees, and a class action settlement manager based on their alleged failure to accept a check Mosley sought to deposit.  Currently before the Court are Mosley's *pro se* Complaint (ECF No. 2), his Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1), and his Motion to Appoint Counsel (ECF No. 3).  Because it appears that Mosley is unable to afford to pay the filing fee, the Court will grant him leave to proceed *in forma pauperis*.  For the following reasons, Mosley's Complaint will be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and for lack of jurisdiction, and Mosley will be granted leave to file an amended complaint.

I.        **FACTUAL ALLEGATIONS**[1]

Mosley alleges that he received a "Bank of America Settlement Check" in the mail on September 15, 2022 from Defendant Brian Young, a Senior Project Manager with Epiq Class

---

[1] The facts set forth in this Memorandum are taken from Mosley's Complaint (ECF No. 2) and the Exhibits he filed with the Complaint (ECF No. 2-1).  The Court adopts the pagination assigned to the Complaint and the Exhibits by the CM/ECF docketing system.

Action & Claims Solutions, Inc ("Epiq"). (Compl. at 3; *see also* Exhibit A (ECF No. 2-1) at 2.) Epiq apparently served as the settlement administrator for a class action settlement in *Morris v. Bank of American, N.A.*, Civ. A. No. 3:18-0157 (W.D.N.C.), (hereinafter, "the Morris Class Action"), and Mosley was a class member entitled to relief in that matter. (Exhibit A (ECF No. 2-1) at 2); *see also Morris v. Bank of Am., N.A.*, No. 18-157, 2022 WL 214130 (W.D.N.C. Jan. 24, 2022) (order granting final approval of settlement and attorneys' fees, costs, and class representative awards).

Mosley claims he went to a Bank of America branch office located at 1600 J.F.K. Boulevard in Philadelphia on or about September 19, 2022 "with [the] Bank of America Settlement Check[.]" (Compl. at 3.) Mosley alleges that Defendant Kenneth Bemah, the manager at that location, told him that "Bank of America Settlement Payment Check Number 9111551 could not be deposited into Bank of America[.]" (*Id.* at 3.) Mosley attached a copy of the check to his Complaint, which reflects that Check Number 9111551, dated September 20, 2022, in the amount of $8.52 was drawn on Huntington National Bank and made payable to Mosley. (*See* Exhibit D (ECF No. 2-1) at 11.) The correspondence attached to Check Number 9111551 indicates that the check serves as Mosley's "settlement payment as a class member" in the Morris Class Action, and notes that Mosley "release[s] Bank of America from liability" in "exchange for this payment[.]" (*Id.*) Mosley then told Defendant Bemah that he "did not want the settlement check No. 9111551" as payment in exchange for releasing Bank of America from liability as set forth in the settlement agreement in the Morris Class Action. (Compl. at 3-4.) Mosley contends that he "was denied the absolute right to opt out of the settlement agreement" and did not receive notice that payments were being made in the Morris Class Action in exchange for releasing Bank of America from liability. (*Id.* at 4.) Mosley alleges that

Defendants acted with "deliberate indifference, negligence, and bias[.]" (*Id.* at 4) Mosley seeks injunctive relief and monetary compensation in the amount of $5,000,000.

## II.     STANDARD OF REVIEW

The Court will grant Mosley leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fee to commence this civil action.  28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.

As Mosley is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).  "This means we remain flexible, especially 'when dealing with imprisoned *pro se* litigants[.]'" *Vogt*, 8 F.4th at 185 (quoting *Mala*, 704 F.3d at 244).  The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.*  However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'" *Vogt*, 8 F.4th at 185 (quoting *Mala*, 704 F.3d at 245).  An unrepresented litigant

"'cannot flout procedural rules — they must abide by the same rules that apply to all other litigants.'" *Id.*

**III. DISCUSSION**

Mosley's Complaint does not cite a specific statute under which he seeks relief. Rather, Mosley simply indicated on his Complaint that the basis for the Court's jurisdiction over his claims arises under "Federal Questions." (Compl. at 2.) Construing Mosley's Complaint liberally, since he uses the terms "discrimination" and "bias", it appears that Mosley is attempting to assert civil rights violations based on Defendants' refusal to accept the Bank of America Settlement Check in September of 2022. (*Id.* at 3-4.) With respect Mosely's allegations that he did not receive notice of the settlement, that he did not want to be part of the settlement class, and that he was essentially denied an opportunity to opt out of the Morris Class Action, the Court construes the Complaint to raise a due process claim.[2] (*Id.* at 4.; *see also* Exhibits (ECF No. 2-1) at 1-3, 6-11.) The statutes under which such claims may be pursued in federal court are either 42 U.S.C. § 1981 or § 1983.

**A. Mosley's Claims Under § 1983**

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Whether a defendant is acting under color of state law — *i.e.*, whether the defendant is a state

---

[2] Attached as Exhibit A is an "Affidavit of Brian Young" which was filed in a separate action Mosely brought in the Court of Common Pleas for Philadelphia County on April 19, 2022 captioned *Mosley v. Bank of America, N.A. and The Van Winkle Law Firm*, No. 22001479. (*See* Exhibit A (ECF No. 2-1) at 1-3.) The public docket in that action reflects that Mosely's complaint against Bank of America, which raised similar claims regarding his receipt of notice and ability to opt out of the settlement, was dismissed with prejudice on August 5, 2022. (*See* Doc. Entry No. 62-22065262.)

actor — depends on whether there is "such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). Pursuant to § 1983, action under color of state law requires that the one liable under that statute have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law. *Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011). However, "purely private acts which are not furthered by any actual or purported state authority are not acts under color of state law." *Barna v. City of Perth Amboy*, 42 F.3d 809, 816 (3d Cir. 1994).

None of the named Defendants are subject to liability under § 1983 because they are not state actors, but rather a private entity, Bank of America, and two private individuals employed by private entities, Kenneth Bemah – a manager employed by Bank of America, and Brian Young – a manager employed by a private class action settlement administrator. *See, e.g., James v. Heritage Valley Fed. Credit Union*, 197 F. App'x 102, 106 (3d Cir. 2006) (recognizing that § 1983 claims against a credit union, its president, its chairman, and an employee failed because these defendants were not state actors); *Johnson v. TD Bank Nat'l Ass'n*, No. 22-4108, 2022 WL 17405831, at *4 (E.D. Pa. Dec. 1, 2022), *aff'd*, No. 22-3363, 2023 WL 2203572 (3d Cir. Feb. 24, 2023) ("Courts in the Third Circuit have repeatedly held that 'constitutional claims brought against banks fail as a matter of law because banks and their employees do not qualify as state actors.'") (citing *Swope v. Northumberland Nat'l Bank*, No. 13-2257, 2014 WL 4716944, at *5 (M.D. Pa. Sept. 22, 2014)); *see also Grapentine v. Pawtucket Credit Union*, 755 F.3d 29, 31 (1st Cir. 2014) ("Significantly, [Section] 1983 does not apply to merely private conduct, no matter how discriminatory or wrongful.") (quoting *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S.

40, 50 (1999)) (internal quotations omitted); *Massey v. Crady*, No. 17-241, 2018 WL 4328002, at *6 (W.D. Pa. Aug. 8, 2018) ("Private citizens ... are not state actors, and therefore ... any § 1983 claims against [them] should be dismissed."). Mosley fails to allege any facts from which the Court can plausibly infer that Bank of America, Bemah, or Young acted under color of state law based on the allegations of the Complaint.[3] Accordingly, Mosley's § 1983 claims against these Defendants will be dismissed pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim. As it appears that any attempt to amend his § 1983 claims would be futile, these claims will be dismissed with prejudice. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002) (stating that leave to amend claims dismissed on screening should generally be granted "unless amendment would be inequitable or futile.")

**B.     Mosley's Claims Under § 1981**

Section 1981 prohibits race discrimination in the making and enforcement of contracts. *See* 42 U.S.C. § 1981(a) ("All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses and exactions of every kind, and to no other."). This Reconstruction-era statute, along with several others, was enacted to effectuate the aims of the Thirteenth and

---

[3] Mosley has failed to allege facts plausible to suggest that the failure to accept the Settlement Check rises to the level of a constitutional deprivation. The Court takes judicial notice that "[t]here is no federal law that requires a bank [or other financial institution] to cash a check, even a government check." *See* Federal Reserve Consumer Help, Can a Bank Really, https://www.federalreserveconsumerhelp.gov/findananswer/can-a-bank-really (last visited Mar. 29, 2023); *see also Vanderklok v. United States*, 868 F.3d 189, 205 (3d Cir. 2017) ("To the extent that we rely on information beyond what the government included in its amicus brief, that information is publicly available on government websites and therefore we take judicial notice of it.").

Fourteenth Amendments to the Constitution. *Brown v. Philip Morris Inc.*, 250 F.3d 789, 796-97 (3d Cir. 2001) (noting that the legislative history of § 1981, derived from the Civil Rights Act of 1866 and from the reenactment of Section 1 of the 1866 Act in 1870, makes clear Congress's intent to enact "sweeping legislation implementing the [T]hirteenth [A]mendment to abolish all the remaining badges and vestiges of the slavery system") (quoting *Mahone v. Waddle*, 564 F.2d 1018, 1030 (3d Cir. 1977)). To state a claim under § 1981, a plaintiff "must allege facts in support of the following elements: (1) [that plaintiff] is a member of a racial minority; (2) intent to discriminate on the basis of race by the defendant; and (3) discrimination concerning one or more of the activities enumerated in the statute[,] which includes the right to make and enforce contracts . . . ." *Brown*, 250 F.3d at 797 (alterations in original) (quoting *Yelverton v. Lehman*, No. 94-6114, 1996 WL 296551, at *7 (E.D. Pa. June 3, 1996), *aff'd. mem.*, 175 F.3d 1012 (3d Cir. 1999)).

      Mosley's Complaint does not allege a plausible claim under § 1981. At the outset, Mosley does not allege that he is a member of a racial minority. Mosley's allegations of intent to discriminate on the basis of race are conclusory, and do not point to specific conduct by any Defendant from which the Court can reasonably infer motivation by racial animus. Accordingly, the Court must dismiss Mosley's § 1981 claim for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) at this time. However, the Court will grant Mosley leave to file an amended complaint with respect to his § 1981 claim if he is able to cure the defects the Court has identified. *See Middleton v. Wells Fargo Bank, N.A.*, 474 F. Supp. 3d 1290 (N.D. Ga. 2020) (denying bank's motion to dismiss and finding that plaintiff, a Black woman, stated a § 1981 claim against bank where she alleged that bank employees discriminated against her on the basis of her race by making unfounded claims that a check she was attempting to cash was fraudulent,

refused to cash her check, and only cashed the check after calling the police who determined that check was not fraudulent).

    **C.**    **State Law Claims**

It is also possible that Mosley intended to bring several claims under Pennsylvania state law.  The Court declines to exercise supplemental jurisdiction over such claims pursuant to 28 U.S.C. § 1367, having dismissed Mosley's federal claims.  Accordingly, the only independent basis for jurisdiction over any state law claims is 28 U.S.C. § 1332, which provides that a district court can exercise subject-matter jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a).  Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required.  This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'"  *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)).  An individual is a citizen of the state where she is domiciled, meaning the state where she is physically present and intends to remain.  *See Washington v. Hovensa LLC*, 652 F.3d 340, 345 (3d Cir. 2011).  "The burden of establishing federal jurisdiction rests with the party asserting its existence."  *Lincoln Ben. Life Co.*, 800 F.3d at 105 (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006)).

Mosley alleges that he is a citizen of the state of Pennsylvania.  (Compl. at 3.)  He further alleges that Defendants are citizens of Pennsylvania, Delaware, and Oregon. (*Id.*)  Based on these allegations, it appears that at Mosley and at least one Defendant are citizens of Pennsylvania, and thus complete diversity is lacking.  As a result, the Court cannot exercise

diversity jurisdiction over Mosley's state law claims, *see Lincoln Ben. Life Co.*, 800 F.3d at 105, and all state law claims will be dismissed for lack of subject matter jurisdiction without prejudice to Mosley's right to file an amended complaint on these claims if he can establish a basis for the Court's jurisdiction.

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Mosley leave to proceed *in forma pauperis*. Mosley's § 1983 claims will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Mosley's § 1981 claims will be dismissed without prejudice pursuant to § 1915(e)(2)(B)(ii), and his state law claims will be dismissed without prejudice for lack of jurisdiction. Mosley will be granted leave to file an amended complaint as set forth in this Memorandum. Mosley's Motion to Appoint Counsel (ECF No. 4) is denied without prejudice. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (in determining whether appointment of counsel is appropriate, the Court should first determine whether plaintiff's lawsuit has a legal basis). An appropriate Order follows.

**BY THE COURT:**

*/s/ Hon. Kelley B. Hodge*
**KELLEY B. HODGE, J.**
