IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES MOSLEY,**        **Plaintiff,** | **CIVIL ACTION** |
| v. | |
| **BANK OF AMERICA, et al.,**        **Defendants.** | **NO. 23-0030** |

## O R D E R

**AND NOW**, this 4th day of May, 2023, upon consideration of Plaintiff James Mosley's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1), *pro se* Complaint (ECF No. 2), and Motion to Appoint Counsel (ECF No. 3), **IT IS ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. The Complaint is **DEEMED** filed.

3. The Clerk of Court is **DIRECTED** to correct the spelling of Defendant Kenneth Bemah's last name which is spelled incorrectly on the docket as "Bennett".

4. The Complaint is **DISMISSED** for the reasons in the Court's Memorandum as follows:

    a. Mosley's claims brought pursuant to 42 U.S.C. § 1983 are **DISMISSED WITH PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and

    b. Mosley's claims brought pursuant to 42 U.S.C. § 1981 are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and

    c. Mosley's state law claims are **DISMISSED WITHOUT PRJEUDICE** for lack of subject matter jurisdiction.

5. Mosley may file an amended complaint within thirty (30) days of the date of this Order. Any amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the third amended complaint and shall state the basis for Mosley's claims against each defendant. The amended complaint shall also state the basis for this Court's jurisdiction. The amended complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim. When drafting his amended complaint, Mosley should be mindful of the Court's reasons for dismissing the claims in his initial Complaint as explained in the Court's Memorandum. Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

6. Mosley's Motion to Appoint Counsel (ECF No. 3) is **DENIED WITHOUT PREJUDICE.**

7. The Clerk of Court is **DIRECTED** to send Mosley a blank copy of this Court's current standard form to be used by a self-represented litigant filing a civil action bearing the above-captioned civil action number. Mosley may use this form to file his amended complaint if he chooses to do so.[1]

8. If Mosley does not wish to amend and instead intends to stand on his Complaint as originally pled, he may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case.[2]

---

[1] This form is available on the Court's website at http://www.paed.uscourts.gov/documents2/forms/forms-pro-se.

[2] *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting

9. If Mosley fails to file any response to this Order, the Court will conclude that Mosley intends to stand on his initial Complaint and will issue a final order dismissing this case.[3] *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

**BY THE COURT:**

*/s/ Hon. Kelley B. Hodge*
**HODGE, KELLEY B., J.**

---

*Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

[3] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on her complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which requires assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (per curiam).  Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend her complaint, leaving the case without an operative pleading.  *See Dickens v. Danberg*, 700 F. App'x 116, 118 n.2 (3d Cir. 2017) (per curiam) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).