IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES MOSLEY,<br>          Plaintiff,<br><br>     v.<br><br>BANK OF AMERICA,<br>BRIAN YOUNG, Epic Settlement<br>Manager,<br>KENNETH BENNETT, Bank of America<br>Manager,<br>          Defendants. | CIVIL ACTION<br><br><br><br>NO.  23-30 |

**MEMORANDUM**

HODGE, J.                                                                                                               AUGUST 7, 2023

In a prior Memorandum filed on May 5, 2023, the Court dismissed the Complaint filed by Plaintiff James Mosley against Bank of America ("BOA"), Brian Young, a settlement manager for a company named Epic, and Kenneth Bemah, a BOA manager, in part for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and in part for lack of jurisdiction.  *See Mosley v. Bank of Am.*, No. 23-30, 2023 WL 3295457 (E.D. Pa. May 5, 2023) ("*Mosley I*").  Mosley was granted leave to file an amended complaint if he was capable of curing the defects the Court identified in his claims.  Mosley has returned with an Amended Complaint (ECF No. 7).[1]  For the following reasons, the case will now be dismissed and closed.

---

[1] Mosley filed his Amended Complaint on June 2, 2023.  He filed a second document on July 7, 2023 (ECF No. 8) that he labeled a "Motion to Leave to Amend."  However, that document does not attach a proposed amended complaint or contain any claims.  Rather it references the June Amended Complaint, upon which he appears to assert he "continue[s] . . . to stand," and it appears that Mosley filed the document to submit additional exhibits for his Amended Complaint.  (*Id*. at 1.)  The Clerk of Court will be directed to redesignate the additional

I.      **BACKGROUND AND FACTUAL ALLEGATIONS**[2]

In his original Complaint, Mosley alleged that he attempted to present a check in the amount of $8.52 at a BOA branch office in Philadelphia representing a class action settlement in *Morris v. Bank of Am., N.A.*, Civ. A. No. 18-0157 (W.D.N.C.), but the branch manager, Defendant Bemah, told him it could not be deposited because Mosley objected to a notation on the check that it constituted a release of the class action claims against BOA. *Mosley I*, 2023 WL 3295457, at * 1. Mosley allegedly disputed the release language and contended that he "was denied the absolute right to opt out of the settlement agreement" and did not receive notice that payments were being made in the *Morris* class action in exchange for releasing BOA from liability. (Compl. at 4.) Mosley alleged that the Defendants acted with "deliberate indifference, negligence, and bias" and sought injunctive relief and money damages.

In *Mosley I*, the Court construed Mosley's Complaint as asserting civil rights claims since he mentioned the words "discrimination" and "bias." *Mosley I*, 2023 WL 3295457, at *2. The Court determined that any claim brought pursuant to 42 U.S.C. § 1983, the vehicle by which civil rights claim may be asserted in federal court, failed because "[n]one of the named Defendants are subject to liability under § 1983 because they are not state actors, but rather a private entity, Bank of America, and two private individuals employed by private entities." *Id*. at *3. The Court also determined that Mosley had failed to state a plausible claim under 42 U.S.C. § 1981, since he did not allege he was a member of a racial minority and did not point to conduct

---

submission as an Exhibit. One of the Exhibits appears to relate to the citizenship of BOA, asserting it is "located" in Wilmington, Delaware. (*Id*. at 4.)
    [2]   The facts set forth in this Memorandum are taken from Mosley's Amended Complaint (ECF No. 7). The Court adopts the pagination assigned to the Complaint and the Exhibits by the CM/ECF docketing system.

by any Defendant from which the Court could reasonably infer their conduct was motivated by racial animus. *Id*. at *4. Finally, Mosley's state law claims were dismissed without prejudice because he failed to allege the existence of complete diversity of citizenship among the parties. *Id*. Mosley was granted leave to file an amended complaint to attempt to cure the defects the Court identified in his claims.

In his Amended Complaint, Mosley alleges that "his claim is based on discrimination." (Am. Compl. at 2.) He asserts that the "Defendant(s) discriminated against him for failure to serve proper notice to either agree with settlement order." (*Id*. at 2; *see also* ECF No. 8 at 7 (legal notice of class action settlement for the *Morris* case).) Defendant Young of Epic allegedly was responsible for sending Mosley a notice of the settlement at an incorrect address. (Am. Compl. at 4, 9.) Defendant "Manager of Bank of America" – presumably a reference to Defendant Bemah – allegedly "discriminated against [Mosley] for not accepting the Bank of America settlement check that plaintiff returned to him." (*Id*. at 4.)

Attached to Mosley's Amended Complaint is an excerpt containing no caption of what may be either a motion, an opinion or an order in the *Morris* class action case concerning notice procedures in that case. (*Id*. at 10.) The excerpt references Defendant Young and states in part that the "Settlement Administrator followed the Notice Procedure approved by the Western District of North Carolina in sending notice to the class members." (*Id*. at 11.) The excerpt also recites that "Plaintiff [presumably Mosley] was sent notice of the settlement which notice was not returned as undeliverable, and concludes by stating "even taking as true Plaintiff's assertion that he did not receive actual notice, the class settlement is nonetheless effective against Plaintiff." (*Id*. at 11, 12.)

II.     **STANDARD OF REVIEW**

Since the Court has granted Mosley leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

When allowing a plaintiff to proceed *in forma pauperis* the Court must review the pleadings and dismiss the matter if it determines, *inter alia*, that the action fails to set forth a proper basis for this Court's subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction

4

rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

As Mosley is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). "This means we remain flexible, especially 'when dealing with imprisoned *pro se* litigants[.]'" *Vogt*, 8 F.4th at 185 (quoting *Mala*, 704 F.3d at 244. The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "'*pro se* litigants still must allege sufficient facts in their complaints to support a claim.'" *Vogt*, 8 F.4th at 185 (quoting *Mala*, 704 F.3d at 245). An unrepresented litigant "'cannot flout procedural rules — they must abide by the same rules that apply to all other litigants.'" *Id.*

### III. DISCUSSION

#### A. Federal Law Claims

Because Mosley's initial Complaint asserted that he was the subject of discrimination, the Court screened it to determine whether he had alleged plausible claims under the two sections of the Civil Rights Act that could possibly apply to his situation, namely 42 U.S.C. §§ 1983 and 1981. After explaining to Mosley the elements of each claim, the Court concluded that any claim under § 1983 was not plausible because the named Defendants were not "state actors" as that term is used in the statute. *Mosley I*, 2023 WL 3295457, at *2-*3 (explaining that to assert a plausible § 1983 claim, a plaintiff must allege violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)). Any claim under § 1981 was found not plausible because Mosley did not allege that he is a member of a

racial minority and his allegations of intent to discriminate on the basis of race were conclusory.[3] *Id.* at *3-*4. Mosley was granted leave to amend these claims if he could allege additional facts indicating that the claims were plausible.

In his Amended Complaint, Mosley again only alleges in conclusory terms that the Defendants "discriminated against him for failure to serve proper notice to either agree with settlement order." (Am. Compl. at 2.) He also alleges in conclusory terms that Defendant Bemah discriminated against him for not accepting the Bank of America settlement check. (*Id.* at 4.) These allegations are once again insufficient to assert plausible claims under §§ 1983 or 1981 and, therefore, the claims are again dismissed.[4] *Iqbal*, 556 U.S. at 678 (conclusory allegations do not suffice to allege a plausible claim). Having provided Mosley with the law applicable to his claims and afforded him the opportunity to amend, the claims are dismissed with prejudice since any further attempt at amendment appears futile. *See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (amendment by *pro se* litigant would be futile when litigant "already had two chances to tell his story").

B. State Law Claims

To the extent that Mosley again attempts to raise state law claims, those claims will be dismissed without prejudice. Having dismissed Mosley's federal law claims with prejudice, the Court declines to exercise supplemental jurisdiction over the state law claims contained in the

---

[3] The Court explained to Mosley that to state a plausible claim under § 1981, a plaintiff must allege facts in support of the following elements: "'(1) [that plaintiff] is a member of a racial minority; (2) intent to discriminate on the basis of race by the defendant; and (3) discrimination concerning one or more of the activities enumerated in the statute[,] which includes the right to make and enforce contracts. . . .'" *Mosley*, 2023 WL 2761291, at *3 (quoting *Brown v. Philip Morris, Inc.*, 250 F.3d 789, 797 (3d Cir. 2001).

[4] There is no other apparent basis for a federal question claim based on Mosley's conclusory allegation of discrimination against the Defendants.

Amended Complaint pursuant to 28 U.S.C. § 1367.  Accordingly, the only independent basis for jurisdiction over any state law claims is 28 U.S.C. § 1332, which provides that a district court can exercise subject-matter jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a).

As the Court previously explained to Mosley, § 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required.  This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'"  *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)).  An individual is a citizen of the state where she is domiciled, meaning the state where she is physically present and intends to remain.  *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).  "The burden of establishing federal jurisdiction rests with the party asserting its existence."  *Lincoln Ben. Life Co.*, 800 F.3d at 105 (citing *DaimlerChrysler Corp*, 547 U.S. 332, at 342 n.3).

In the original Complaint, Mosley asserted that he is a citizen of Pennsylvania and that the Defendants were citizens of Pennsylvania, Delaware and Oregon.  *Mosley I*, 2023 WL 3295457, at *4.  Based on those allegations, the Court found that complete diversity was lacking.  *Id*.  As noted, in his Exhibit Mosley contends that BOA is "located" in Wilmington, Delaware.[5]

---

[5] For purposes of determining diversity of citizenship, pursuant to statute national banks like BOA shall be deemed a citizen of the States "in which they are respectively located."  *See* 28 U.S.C. § 1348.  The United States Supreme Court held "that a national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located."  *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006).  While Mosley

However, he makes no allegation about his own state citizenship or the state citizenship of any other named Defendant. Accordingly, he has failed to meet his burden of showing that the Court may exercise subject matter jurisdiction over his state law claims, which will be dismissed without prejudice so that Mosley can reassert them in an appropriate state court.

An appropriate Order follows dismissing the case.

BY THE COURT:

/s/ Hon. Kelley B. Hodge

**KELLEY B. HODGE, J.**

---

asserts that BOA is "located" in Wilmington, Delaware, he does allege that is where its "main office" as stated in its articles of association is located.